[See Case No. 2,387.]

DENVER & R. G. RY. CO. (CANON CITY & S. J. RY. CO. v.). See Case No. 2,387.

DEPEW (HOLYOKE v.). See Case No. 6,-652.

## Case No. 3,812.

DEPOSIT SAV. ASS'N v. MARKS et al.

[3 Woods, 553;[1] 23 Int. Rev. Rec. 241; 25 Pittsb. Leg. J. 3.]

Circuit Court, S. D. Georgia. June Term, 1877.

TAX ON STATE BANK NOTES.

Where a state bank, or state banking association, uses for circulation and pays out its own notes, such notes are liable to the tax of ten per cent. imposed by section 3412 of the Revised Statutes.

By section 3412 of the Revised Statutes of the United States, being a re-enactment of the sixth section of the act of March 3, 1865 [13 Stat. 484], as amended by act of July 13, 1866 [14 Stat. 146], it is provided that every national banking association, state bank, or state banking association, shall pay a tax of ten per centum on the amount of notes of any person, or of any state bank or state banking association, used for circulation and paid out by them. By the agreed state of facts in this case, it appeared that the plaintiff was an incorporated body, organized under a charter granted by the general assembly of Alabama; that the plaintiff was engaged in the business of receiving deposits and dealing in exchanges, and in the general business of banking, as authorized by said act, and that it was a bank or banker in the sense and meaning of section 3407 of the Revised Statutes of the United States, and that while engaged in such business, and between the 11th day of October and 13th November, 1873, the plaintiff issued a large amount of its own paper, in this form:

Deposit Savings Association of Mobile, Alabama.
Mobile, January 1st, 1873.
Will pay to bearer
Two Dollars
On return of this voucher.
L. C. Fry, Cashier. M. S. Foote, President.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

That these notes were of the denominations of one, two, three, five, ten, twenty and fifty dollars, and that it paid them out to depositors and others who offered other currency or valuable consideration in exchange, and that during that time such papers circulated as money. Also, that the plaintiff was assessed by the internal revenue commissioner $40,000 on the assessment list for November, 1873, this amount being ten per cent. of the amount paid out by the plaintiff between October 11. 1873, and November 30, 1873. The collector of internal revenue at Mobile, by virtue of said assessment, issued his warrant of distraint against the plaintiff, and seized the sum of $6,725.50 in money, and certain real estate of the plaintiff, which was sold according to the revenue laws in such cases, and bid off by the United States, to whom a deed for said land was made according to the provisions of said laws. The plaintiff duly appealed, and the decision on the appeal sustained the tax and sale.

Thos. H. Herndon and John Little Smith, for plaintiff.

Geo. M. Duskin, U. S. Atty., for defendants.

BRADLEY, Circuit Justice. This action is brought to recover back the said real estate, on the ground that the assessment, being upon the plaintiff's own issues of paper, was illegal, and that the seizure and sale of the lands were also illegal.

It is contended by the plaintiff that there was another tax of one per cent. per annum on its own issues, and that the tax of ten per cent. imposed by section 3412 was intended to be imposed only upon the amount of the issues and paper of other banks paid out by it, and used as circulation.

We think that this interpretation is untenable. The words of the law are plain and obvious, and we think the intent was equally so. That intent evidently was to discourage the issue and use of a paper currency other than that which was provided by the government, by the legal tender currency issued by it, and by the notes and bills of national banks. If a state bank were only taxed on its issues, as such, it would be on an entire equality with the national banks. But the words of the section are plain and unmistakable. The tax of ten per cent. is imposed "on the amount of notes of any person, or of any state bank or state banking association used for circulation and paid out" by any bank, or banking association. To construe this as meaning notes other than its own issue would be to interpolate an exception in the law, which is not found in it, and which would tend to defeat its object if it were found in it. The entire argument to the contrary is inferential, and, in our judgment, insufficient to change the plain meaning of the words. We do not think it necessary to discuss the argument of the plaintiff in detail. We have examined it fully, and have no doubt of the conclusion to which we have come.

Judgment must be for the defendants, with costs.